Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6511 | **DATE** | 1/11/2005 |
| **CASE TITLE** | Rosenthal vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, plaintiff's motion for reconsideration is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | JAN 12 2005 | 17 |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | JXM | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MW | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHERIE ROSENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 6511 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Cherie Rosenthal's ("Rosenthal") motion for reconsideration. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

On July 30, 1999, Plaintiff Rosenthal applied for Disability Insurance Benefits ("DIB") under the Social Security Act. On November 8, 2000, Rosenthal appeared at a hearing before an Administrative Law Judge ("ALJ"). At the time of the hearing, which took place twenty-seven years after her Date Last Insured ("DLI"),

1

Rosenthal was forty-six years old. On June 13, 2001, the ALJ denied Rosenthal's application for DIB, finding she did not have a severe impairment. On July 16, 2003, the Appeals Council denied Rosenthal's request for review, making the ALJ's decision the final decision of the Commissioner. Rosenthal sought a judicial review of the ALJ's decision before this court and on July 27, 2004, we granted Defendant's motion for summary judgment and denied Rosenthal's motion for summary judgment. Rosenthal seeks a reconsideration of that ruling.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Rosenthal challenges our ruling in regard to the ALJ's determination of the onset date of disability. Rosenthal argued in regards to the dispositive motions, that the ALJ is also obligated to develop the record and determine the onset date of disability, and that in failing to seek additional medical input on the issue of when Rosenthal's fibromyalgia began, he mistakenly replaced an expert's judgment with his own. Rosenthal cited for support SSR 83-20, which states that for disabilities of nontraumatic origin, there are other considerations that must be taken into account such as work history and medical and other evidence concerning impairment severity.

We need not address the arguments presented by Rosenthal in her motion for reconsideration because she has failed to present a proper purpose for the pursuit of the instant motion. As indicated above, motions for reconsideration are reserved for presenting new evidence or arguments or arguing that the court committed a manifest error of law. *LB Credit Corp.,* 49 F.3d at 1267. Rosenthal fails to assert such a basis for her motion. Rosenthal does not argue that the distinction she focuses on in her motion has a material impact on this action. She even falls short of asserting that the court was in error. For example, she states that "the language of the Court's opinion *suggests* that, before SSR 83-20 can apply, a person not only must be found disabled, but disabled prior to the DLI." ( Reply 2)(emphasis added).

3

Noticeably absent from Rosenthal's motion is any request for the court to reconsider its ruling and find in Rosenthal's favor. Rosenthal herself acknowledges that the issue does not have a material impact on the ultimate ruling stating that "[w]hile this may not affect the court's ultimate conclusion in this case, counsel for plaintiff respectfully submits that the language of the opinion should be amended to coincide with other precedent and to preserve the spirit of the law and the actual circumstances which SSR 83-20 should apply." (Mot. 3). The fine tuning of legal precedent for usage in future actions is not a proper basis for a motion for reconsideration. Although, in theory, we could have addressed this issue in dicta as part of our original ruling, since we are now at the motion for reconsideration stage, the distinction argued by Rosenthal is no longer properly brought before us. Currently before the court is the issue of whether there are new arguments or new evidence or whether the court committed manifest error. As a court of law, we rule on live disputes before us and we will not engage in a discussion of the law on issues that are of no moment in the dispute at hand. If Rosenthal desires to refine the precedent in regards to SSR 83-20, she must do so as part of the resolution of a live issue that is before a court. Since Rosenthal has not provided a valid basis for her motion for reconsideration, we deny the motion as improper.

## CONCLUSION

Based on the foregoing analysis, we deny Rosenthal's motion for reconsideration.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 11, 2005